IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SUSAN STROH<br>1811 Mills Street<br>Sandusky, Ohio 44870,<br><br>   Plaintiff,<br><br>vs.<br><br>CROWN BATTERY MANUFACTURING<br>COMPANY<br>c/o Hal Hawk, Statutory Agent<br>1445 Majestic Blvd.<br>P.O. Box 990<br>Fremont, Ohio 43420<br><br>   Defendant. | CASE NO.:<br><br>Judge:<br><br><u>**COMPLAINT WITH JURY DEMAND**</u><br><br>Widman & Franklin, LLC<br><br>Marilyn L. Widman (0068446)<br>Clinton J. Wasserman (0084755)<br>405 Madison Ave., Suite 1550<br>Toledo, Ohio 43604<br>Ph.: (419) 243-9005<br>Fax: (419) 243-9404<br>marilyn@wflawfirm.com<br>clint@wflawfirm.com<br>*Attorneys for Plaintiff Susan Stroh* |

Now comes Plaintiff Susan Stroh complaining of Defendant Crown Battery Manufacturing and alleges as follows:

**PARTIES**

1. Plaintiff Susan Stroh ("Stroh and/or Plaintiff") is an individual citizen of the State of Ohio, residing in the city of Sandusky, County of Erie. Stroh previously was an employee of Defendant as defined in 42 U.S.C. § 2000e(f), 29 U.S.C. § 630(f) and Ohio Revised Code ("O.R.C.") §4112.01(A)(3).

2. Defendant, Crown Battery Manufacturing Company ("Defendant"), is a domestic corporation doing business in the State of Ohio, City of Fremont, County of Sandusky.

3. Defendant, at all times relevant, employed twenty (20) or more employees and therefore is an employer as defined in 29 U.S.C. § 630(b), 42 U.S.C. § 2000e(b), and O.R.C. § 4112.01(A)(2).

## JURISDICTION AND VENUE

4. This suit is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000(e) *et. seq.* ("Title VII") and 42 U.S.C. § 1981, providing for relief from discrimination and harassment in employment on the basis of gender.

5. This suit is authorized and instituted pursuant to the ADEA, 29 U.S.C. § 621 et seq., granting this Court federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(4)

6. Jurisdiction and venue are proper in the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. §§1331 and 1391.

7. Venue is properly laid in the Northern District of Ohio, Western Division as all of the allegations herein arose in Sandusky County, Ohio, and because Defendant conducts business within this Federal District.

## FACTUAL ALLEGATIONS

8. Stroh, a female born on February 6, 1959, began her employment with Defendant approximately twenty years ago, on or around May 29, 2001.

9. At all relevant times, Stroh was over 40 years of age.

10. Throughout her employment with Defendant, Stroh competently performed her job duties and was well qualified for all the positions she held.

11. Before her abrupt termination, Stroh worked in the Oxide Mill Department (hereinafter "the Mill"), as an Operator for Defendant.

12. The Mill produces the toxic dust that went into the battery cases that Defendant manufactures. It runs twenty-four hours a day, seven days a week, shutting down only for maintenance and holidays. The Mill is regulated by the Environmental Protection Agency (EPA).

13. Operating the Mill requires attention and diligence which Stroh applied.

14. Stroh worked 12-hour shifts, from 7:00am to 7:00pm for the Defendant. She would work three days one week and then four the next in alternating fashion. During these shifts, Stroh worked alone.

15. Of the four employees who worked in the Mill, Stroh had the most Plant seniority. Further, Stroh was one of the oldest non-management employees with the Defendant.

16. Most of Stroh's supervisors, while employed with Defendant, have been male and for the previously three years Stroh was exclusively supervised by males.

17. Before her abrupt termination, Stroh's immediate supervisor was John Harkness Jr., Plate Making SLI (Automotive) Supervisor. Harkness is in his mid-40s.

18. Matt Mehling also supervised Stroh from 3:00pm to 7:00pm as the second shift supervisor. Mehling is in his mid-40s.

19. Stroh was the only female operator in the Mill.

20. Beginning roughly three years before her abrupt termination, Stroh began to experience a heightened level of scrutiny from her supervisors.

21. Stroh was written up for infractions that were not her fault.

22. Stroh's male counterparts were not subject to the same level of scrutiny as Stroh.

23. When receiving a copy of these written warnings, Stroh repeatedly voiced her disagreement with the Defendant's statements.

24. For example, Defendant's maintenance department was spread thin and would often "band-aid" rather than fix problems with the Mill. This behavior forced Stroh to use every ounce of her fifteen plus years as an Operator to keep the Mill running. When Stroh would deviate from the usual run, she would notify her supervisors as well as Maintenance. Stroh would also document these deviations.

25. Stroh's co-worker Dennis' paperwork was similar to Stroh's.

26. On July 1, 2020, Stroh was terminated from Defendant's employ.

27. Stroh was informed by Gary Chamberlain, SLI Assistant Superintendent, and Kristine from Defendant's Human Resource Department, that she was terminated effective immediately.

28. Defendant showed Stroh a written termination but did not provide her a copy.

29. Upon her termination, Stroh was replaced by a younger male.

## EEOC PROCEEDINGS

30. On or about November 16, 2020, Stroh filed a charge of sex and age discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC").

31. On or about July 13, 2021, Stroh, by and through legal counsel, requested a "Right to Sue" letter.

32. Stroh received said Notice of Right to Sue from the EEOC on or about July 15, 2021. See Exhibit A.

## COUNT ONE – AGE DISCRIMINATION
## ADEA

33. Stroh realleges paragraphs one (1) through thirty-three (33) as if fully set forth verbatim below.

34. At the time of her abrupt termination, Stroh was sixty-one (61) years old and therefore within a protected class.

35. The subjection of Stroh to disparate treatment, adverse employment actions and termination by Defendant in whole or substantial part because of her age was in violation of the ADEA, 29 U.S.C. § 623(1).

36. At all times relative to this Complaint, Stroh was qualified for her position with Defendant.

37. Defendant acted with ill will and malice toward Stroh with regard to her legal rights in terminating her employment and otherwise discriminating against her with regard to the terms, conditions, or privileges of employment, because of her age.

38. Defendant replaced Stroh with a person substantially younger than her.

39. As a direct and proximate result of Defendant's actions set forth above, Stroh has suffered:

    a. Lost wages;

    b. Loss of fringe benefits;

    c. Loss of reputation, humiliation and embarrassment as a result of the abrupt termination of her employment;

    d. Loss of the opportunity to continue the gainful employment in which she had been engaged;

    e. Loss of future earnings and front pay; and

    f. Time and money in endeavoring to protect herself from Defendant's unlawful discrimination, including costs and reasonable attorney's fees of this action.

40. Stroh is reasonably certain to continue to suffer these damages in the future. Plaintiff is entitled to the rights and remedies at law provided by the ADEA, 29 U.S.C. § 213(b) including actual damages, compensatory damages, liquidated damages, and attorneys' fees.

## COUNT TWO – AGE DISCRIMINATION
### O.R.C. §4112.02, *et seq.*

41. Stroh realleges paragraphs one (1) through forty (40) as if fully set forth verbatim below.

42. Stroh is sixty-one (61) years old and therefore within a protected class.

43. Stroh was discharged from her employment with Defendants on or about July 1, 2020.

44. At the time of her termination, Stroh was qualified for her position with Defendant.

45. After her termination, Stroh was replaced by or her discharge permitted the retention of persons who are substantially younger.

46. Defendants acted with ill will and malice toward Stroh with regard to her legal rights in terminating her employment and otherwise discriminating against her with regard to terms, conditions or privileges of employment and other matters directly or indirectly related to her employment because of her age.

47. As a direct and proximate result of Defendants' actions as set forth above, Stroh has suffered:

  a. Lost wages;

  b. Loss of pension benefits;

  c. Loss of insurance benefits;

  d. Loss of other fringe benefits;

  e. Loss of the opportunity to continue the gainful employment in which he had been engaged;

  f. Loss of future earnings and front pay;

  g. Loss of reputation, humiliation and embarrassment; and

    h.    Time and money in endeavoring to protect himself from Defendant's unlawful discrimination, including costs and reasonable attorney's fees of this action.

## COUNT THREE – GENDER DISCRIMINATION
## TITLE VII

48. Stroh realleges paragraphs one (1) through forty-seven (47) as if fully set forth verbatim below.

49. At the time of her abrupt termination, Defendant knew that Stroh was a female.

50. Stroh has been the victim of unlawful discriminatory conduct in the workplace. Stroh was unlawfully subjected to disparate treatment, suffered adverse employment actions and termination by Defendant on the basis of her sex. These employment actions were unlawful in violation of Title VII, 42 U.S.C. § 2000e-2(a).

51. At all times relative to this Complaint, Stroh was qualified for her position with Defendant.

52. Defendant acted with ill will and malice toward Stroh with regard to her legal rights in terminating her employment and otherwise discriminating against her with regard to the terms, conditions, or privileges of employment, because of her sex.

53. Defendant replaced Stroh with a male.

54. As a direct and proximate result of Defendant's actions set forth above, Stroh has suffered:

    a.    Lost wages;

    b.    Loss of fringe benefits;

    c.    Loss of reputation, humiliation and embarrassment as a result of the abrupt termination of her employment;

    d.    Loss of the opportunity to continue the gainful employment in which she had been engaged;

  e. Loss of future earnings and front pay; and

  f. Time and money in endeavoring to protect herself from Defendant's unlawful discrimination, including costs and reasonable attorney's fees of this action.

55. Stroh is reasonably certain to continue to suffer these damages in the future. Plaintiff is entitled to the rights and remedies at law provided by the Title VII and 42 U.S.C. § 1981(a) including actual damages, compensatory damages, liquidated damages, and attorneys' fees.

## COUNT FOUR – GENDER DISCRIMINATION
### O.R.C. §4112.02, *et seq.*

56. Stroh realleges paragraphs one (1) through fifty-five (55) as if fully set forth verbatim below.

57. Defendant discriminated against Stroh based on her gender by subjecting her to a level of critique and scrutiny not levied towards her male counterparts. Defendant discriminated against Stroh by ultimately terminating her employment although similarly situated male employees were treated more favorably in similar circumstances.

58. As a direct and proximate result of Defendant's unlawful and discriminatory conduct, Stroh has been damaged. Stroh has suffered:

  a. Lost wages and fringe benefits;

  b. Loss of the opportunity to continue the gainful employment in which she had been engaged;

  c. Loss of future earnings and front pay;

  d. Loss of reputation;

  e. Humiliation, embarrassment and loss of self-esteem; and

      f.    Time and money endeavoring to protect herself from Defendants' unlawful discrimination, including costs and reasonable attorney's fees of this action.

**WHEREFORE**, Stroh prays as follows, that this Court award her:

A.    Such equitable relief as is proper as compensation for loss of her opportunity to engage in gainful employment, including relief in the form of reinstatement and/or front pay;

B.    An amount to be determined at trial as compensation for loss of the opportunity to engage in gainful employment, and future earnings for humiliation, embarrassment, and loss of reputation;

C.    An amount to be determined at trial as compensation for lost pension, insurance and other fringe benefits;

D.    Back pay from the date of trial with interest;

E.    Punitive damages;

F.    Reasonable attorney's fees and the costs of this action; and

G.    Such other and further relief as may be deemed just and equitable.

                Respectfully submitted,

                */s/ Marilyn L. Widman*

                Marilyn L. Widman (0068446)
                Clinton J. Wasserman (0084755)
                *Attorneys for Plaintiff Susan Stroh*

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                */s/ Marilyn L. Widman*

                Marilyn L. Widman (0068446)
                Clinton J. Wasserman (0084755)
                *Attorneys for Plaintiff Susan Stroh*